O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8069 AHM (Ex) | Date | November 1, 2010 |
|---|---|---|---|
| Title | FREEMAN v. BANKUNITED INVESTMENT SERVICES, INC., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:      Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

    On September 16, 2010, Plaintiff Dorothy Freeman ("Plaintiff") filed an action to quiet title in Los Angeles County Superior Court, seeking cancellation of instruments and a temporary restraining order and permanent injunctions, and naming BankUnited Investment Services Inc. ("BankUnited"), individual Defendant Susan Freeman, The Loan Corporation ("Loan Corporation"), and Does 1 through 50, as defendants. On October 26, 2010, Defendant BankUnited sought removal[1] of this cause of action to this Court based on this Court's federal question jurisdiction.

    A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.,* 80 F.3d 339 (9th Cir. 1996). Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386 (1987). The removal statute is strictly construed against removal and the burden of establishing jurisdiction in the federal forum rests on the party invoking the statute – here, Defendant. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Jurisdiction is assessed as of the time of removal. *Ghaderi v. United Airlines*, 136 F. Supp. 2d 1041 (N.D. Cal. 2001).

    BankUnited claims a federal question exists because "the case arises under the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA") which requires all creditors and individuals with potential claims against United Bank to submit such claims to Federal Deposit Insurance Corporation ("FDIC") for an administrative

---

[1] Docket No. 1.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8069 AHM (Ex) | Date | November 1, 2010 |
|---|---|---|---|
| Title | FREEMAN v. BANKUNITED INVESTMENT SERVICES, INC., et al. | | |

review process, which serves as a jurisdictional prerequisite to filing suit on such claims. See 12 U.S.C. § 1821(d)(13)(D). Whether Plaintiff has complied with FIRREA will be an issue to be determined by the Court." NOR ¶ 3.

A federal court has jurisdiction over claims "arising under" federal law. 28 U.S.C. § 1331. The federal question must be clear from the well-pleaded complaint; a responsive pleading such as a counterclaim, cross-claim, or third-party claim cannot form the basis for federal question jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002); *see also* William W. Schwarzer, et al., CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL (2010) § 2:704.5. Furthermore, the presence of a federal defense does not make a claim arise under federal law, and therefore does not provide a basis for removal. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "[A] case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. v. Construction Laborers Trust,* 463 U.S. 1, 14 (1983).

In this case, the underlying complaint for quiet title clearly does not present a federal question, and BankUnited's claim that FIRREA will be at issue in the proceedings is not evident from the face of Plaintiff's complaint. Moreover, BankUnited's federal defense under FIRREA cannot be a basis for removal. Therefore, there is no basis for federal question jurisdiction.

Accordingly, the Court ORDERS, on its own motion, that this action be remanded to Los Angeles County Superior Court for lack of jurisdiction.

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |

**JS-6**